278 F.3d 29
 The Honorable John H. McBRYDE, United States District Judge for the Northern District of Texas, Appellant,
v.
COMMITTEE TO REVIEW CIRCUIT COUNCIL CONDUCT AND DISABILITY ORDERS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES, et al., Appellees.
 No. 00-5016.
 United States Court of Appeals, District of Columbia Circuit.
 Filed February 1, 2002.
 
 BEFORE: GINSBURG, Chief Judge, EDWARDS, SENTELLE, HENDERSON, RANDOLPH, ROGERS, TATEL and GARLAND, Circuit Judges.
 
 
 1
 Circuit Judges SENTELLE, ROGERS and TATEL would grant the petition for rehearing en banc.
 
 
 2
 A statement of Circuit Judge TATEL dissenting from the denial of rehearing en banc, in which Circuit Judge SENTELLE joins, is attached.
 
 
 3
 Circuit Judges EDWARDS, RANDOLPH and GARLAND did not participate in this matter.
 
 ORDER
 PER CURIAM
 
 4
 Appellant's petition for rehearing en banc and the response thereto have been circulated to the full court. The taking of a vote was requested. Thereafter, a majority of the judges of the court in regular, active service did not vote in favor of the petition. Upon consideration of the foregoing, it is
 
 
 5
 ORDERED that the petition be denied.
 
 
 6
 TATEL, Circuit Judge, with whom SENTELLE, Circuit Judge, joins, dissenting from denial of rehearing en banc:
 
 
 7
 In my view, this case warranted en banc review because the panel's decision conflicts with well-established precedent of both the Supreme Court and this circuit. In Webster v. Doe, the Supreme Court held "that where Congress intends to preclude review of judicial claims, its intent to do so must be clear.... We require this heightened showing in part to avoid the `serious constitutional question' that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." 486 U.S. 592, 603, 108 S.Ct. 2047, 2053, 100 L.Ed.2d 632 (1988) (quoting Bowen v. Mich. Acad, of Family Physicians, 476 U.S. 667, 681 n. 12, 106 S.Ct. 2133, 2141 n. 12, 90 L.Ed.2d 623 (1986)). See also Griffith v. Fed. Labor Relations Auth., 842 F.2d 487, 494-95 (D.C.Cir.1988); Ungar v. Smith, 667 F.2d 188, 193 (D.C.Cir.1981); Ralpho v. Bell, 569 F.2d 607, 620-21 (D.C.Cir.1977). Here, the panel reads section 372(c)(10) to preclude review of Judge McBryde's as-applied constitutional claims even though the statute contains no language expressly barring review, and even though the legislative history may as easily be read to permit as to preclude federal court jurisdiction over such challenges. See McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 73-76 (D.C.Cir.2001) (Tatel, J., dissenting). According to the panel, the purported "substantial redundancy" between review by an Article III court and by the Judicial Conference reflects Congress's intent to preclude review of as-applied constitutional claims. Id. at 62. This position, however, rests not on primary evidence from the legislative history itself, but on a secondary inference drawn from the structure of the Act, and thus does not amount to the kind of "clear and convincing" evidence required by the Supreme Court and this circuit. See Johnson v. Robison, 415 U.S. 361, 371-75, 94 S.Ct. 1160, 1167-69, 39 L.Ed.2d 389 (1974) (limiting its analysis of legislative history to affirmative statements of congressional intent); see also Griffith, 842 F.2d at 494-95 (same); Ungar, 667 F.2d at 193-96 & 195 n. 2 (same); Ralpho, 569 F.2d at 620-22 (same). I respectfully dissent from the denial of rehearing en banc.